UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAUL JACKSON et al.,

        Plaintiffs,                    Case No. 1:17-cv-237

v.                                          Honorable Janet T. Neff

INGHAM COUNTY JAIL et al.,

        Defendants.
_____/

## **OPINION**

        This is a civil rights action, originally brought by three Ingham County Jail inmates pursuant to 42 U.S.C. § 1983. Since filing, the Court has denied lead Plaintiff Jackson leave to proceed *in forma pauperis* (ECF Nos. 9-10), because he had previously filed at least three cases that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim. *See* 28 U.S.C. § 1915(g). The Court subsequently dismissed Plaintiff Jackson's claims without prejudice (ECF No. 17), because he failed to pay his $133.33 portion of the civil action filing fee. In the same order, the Court dismissed without prejudice the claims of Plaintiff Lorenzo Chestner, because he failed either to pay his proportionate share or the filing fee or to file the documents necessary to apply to proceed *in forma pauperis*. The Court granted leave to proceed *in forma pauperis* (ECF No. 16) to Plaintiff Keith Medlin, who is now the sole remaining Plaintiff in the case.

        Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Keith Medlin presently is incarcerated at the Ingham County Jail (ICJ). He sues the ICJ, the Ingham County Sheriff Department (ICSD), and Deputy Sheriffs Scott Wrigglesworth, (unknown) Gaston, and (unknown) Wallace.

Although the allegations of the complaint are at times stated in lead Plaintiff Jackson's first-person-singular voice, the Court assumes that all allegations are also personal to remaining Plaintiff Medlin. In addition, the complaint purports to be filed as a class action for all similarly situated prisoners.

According to the complaint, Plaintiff is lodged in a cell originally designed for one person, which is presently occupied by two people. The cell is made of brick on all four sides, with a solid entrance door. Plaintiff is locked in his cell for 18 hours in every day, with two periods, 12:00 to 3:00 p.m. and 8:00 to 11:00 p.m., spent in a television room with 30 prisoners. He asserts that no running or other cardio-vascular exercise is permitted in the out-of-cell area.

Plaintiff alleges that the toilet for his cell is digitally timed to flush only twice in every hour. He complains that, if both prisoners use the toilet once during the course of an hour, no flushes remain until the hour has passed. Plaintiff alleges that, when one of the prisoners needs to use the toilet a third time in the hour, his urine and feces must remain in the toilet until the timer is

reset. He contends that, in such instances, he must smell the odors of the urine or feces until the toilet can be flushed again. Plaintiff also complains that, should he need to defecate during that period, he may experience unsanitary toilet-bowl splash. In addition, he contends, when the toilets flush, urine and feces from other cells sometimes come up in his cell's toilet. Further, when showers are taken, the water runs for only three minutes, which Plaintiff contends is too little to wash the offending germs from his body.

In addition, Plaintiff claims that the prison has closed one "post" due to the presence of black mold. (Compl., ECF No. 1, PageID.8.) Plaintiff states that he and other prisoners have no way of knowing if the spores are airborne and therefore dangerous. He therefore seeks a health inspection, physical examinations of all prisoners' lungs, and a federal investigation.

Plaintiff contends that the complained-of conditions have caused him "mental anguish, smell and suffering." (Compl., ECF No. 1, PageID.9.) He seeks compensatory and punitive damages, together with injunctive relief.

**Discussion**

I.      Class action

Plaintiff has entitled his complaint as a class action, which the Court construes as a request for class certification. For a case to proceed as a class action, the court must be satisfied on a number of grounds, including the adequacy of class representation. *See* FED. R. CIV. P. 23(a)(4). It is well established that *pro se* litigants are inappropriate representatives of the interests of others. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*,

15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000). Because Plaintiff is an incarcerated *pro se* litigant, the Court finds that he is not an appropriate representative of a class. Therefore, the Court will deny Plaintiff's request for class certification.

      II.     <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      A.      Lack of Allegations

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also*

*Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even to mention either Defendant Gaston or Defendant Wallace in the body of his complaint. His allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). As a consequence, the Court will dismiss Defendants Gaston and Wallace.

In addition, Plaintiff fails to make specific factual allegations against Defendant Wrigglesworth, other than to claim that he failed to correct the problems. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the

Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Wrigglesworth engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

B. Conditions of Confinement

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994); *see also*

*Richko v. Wayne Cty.*, 819 F.3d 907 (6th Cir. 2016); *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard). Where any person acting under color of state law abridges rights secured by the Constitution or United States laws, including a detainee's Eighth and Fourteenth Amendment rights, § 1983 provides civil redress. 42 U.S.C. § 1983; *see, e.g.*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).

1. double bunking

Plaintiff's allegations about being double-bunked fail to state a claim. In *Rhodes v. Chapman*, 452 U.S. 337 (1981), the Supreme Court held that prison overcrowding, standing alone, does not violate the Eighth Amendment. Rather, Plaintiff bears the burden of showing that crowded conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities. 452 U.S. at 348. Plaintiff's bare claim that he is double-bunked in a cell that was originally designed for one person fails to demonstrate that his confinement violates either the Eighth or the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 541-43 (1979) (upholding double bunking of pretrial detainees in cells originally designed for one person).

2. exercise

The Eighth Amendment entitles prisoners to exercise sufficient to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920-927 (6th Cir. 1985). Plaintiff, however, fails to allege facts suggesting that he is not provided an opportunity sufficient to exercise and maintain fitness. He alleges only that the day room does not permit him to engage in cardiovascular exercise, not that he was deprived of all ability to exercise in his cell, such as running in place and doing jumping jacks. Nor does Plaintiff allege that he is never

permitted out-of-cell exercise. He simply complains that he cannot do cardiovasular exercise when he is in the day room. Such allegations fall short of demonstrating an Eighth Amendment violation.

### 3. toilets

Plaintiff next claims that his cell toilet will only flush twice in one hour. He contends that, if one of the two cell occupants has to use the toilet another time within the hour, both inmates are forced to smell the odors until the end of the hour. He also suggests that if the occupants need to use the toilet for a fourth time during the hour, the fourth user may be exposed to toilet-bowl splash. Finally, he asserts that, on occasion, when his cell toilet flushes, waste from other toilets may back-flush into his toilet.

Plaintiff's allegations suggest minor and temporary unpleasantness. Allegations about temporary inconveniences, e.g., being deprived of a lower bunk, subjected to a flooded cell, or deprived of a working toilet, do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *see also J.P. v. Taft*, 439 F. Supp. 2d 793, 811 (S.D. Ohio 2006) ("[M]inor inconveniences resulting from the difficulties in administering a large detention facility do not give rise to a constitutional claim." (internal citation omitted)). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

With respect to Plaintiff's claim that his cell toilet will not flush more than twice per hour, Plaintiff fails to state a claim of constitutional magnitude. Plaintiff does not allege that either

he or his cellmate suffers from a chronic need to use the restroom more than once per hour. As a result, the likelihood is small that either inmate would have to use the toilet a third time within the hour, and if they did, the only hardship they would suffer is an objectionable odor for a few minutes. It is even less likely that one of the two inmates would use the restroom a fourth time and experience toilet-bowl splash.

A prisoner's exposure to the smell of feces is not sufficient to state an Eighth Amendment claim. *See Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *3 (6th Cir. Nov. 12, 1999) (sickening smell of feces does not constitute a sufficiently serious health threat under the Eighth Amendment); *Bey v. Luoma*, No. 2:06-cv-243, 2009 WL 884630, at *2 (W.D. Mich. Mar. 30, 2009) (exposure to smell of feces does not violated the Eighth Amendment, despite claims of resulting nausea, lack of appetite, and headaches); *Dickinson v. Taylor*, No. Civ.A. 98-695-GMS, 2000 WL 1728363, at *3 (D. Del. May 19, 2000) (holding that a prisoner's "claim that he was forced to endure the smell of his neighbor's feces was properly dismissed because other than nausea, the plaintiff had asserted no serious health threat arising from the unpleasant odors.") (internal quotations omitted)).

Moreover, the Sixth Circuit has recognized on more than one occasion that the Eighth Amendment does not require prisoners to have immediate access to a flushable toilet. *See Abdur-Reheem-X*, 1999 WL 1045069, at *2 (holding that the "Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets") (citing *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion.")). Other courts have agreed. In *Grimes v. Thomas*, No. 2:12-cv-01909-LSC, 2014 WL 554700, at *7 (N.D. Ala. Feb. 12, 2014), the plaintiff complained

about a toilet system similar to that in issue in the instant case. In *Grimes*, the toilet system locked out for a one-hour period, after it had been flushed twice within five minutes. The *Grimes* court, relying on *Abdur-Reheem-X*, 1999 WL 1045069, at *2, held that the Eighth Amendment was not violated when a prisoner had to wait an hour to flush his toilet. *Grimes*, 2014 WL 554700, at *7. *See also Wiley v. Ky. Dep't of Corr.*, No. 11-97-HRW, 2012 WL 5878678, at *4 (E.D. Ky. Nov. 21, 2012) ("Temporary placement in a cell with no flushable toilet is not an extreme deprivation of a basic necessity.").

In sum, Plaintiff's allegations concerning the toilet system at ICJ concern only minimal and incidental harms that do not offend the Eighth Amendment. *Dellis*, 257 F.3d at 511. They do not constitute the sort of "extreme deprivations" that make out a conditions-of confinement claim. *Hudson*, 503 U.S. at 9.

Plaintiff's other complaint about the deficiencies of his toilet also fails to state a claim. Although Plaintiff describes in detail the inadequacy of the twice-per-hour-flush of his toilet, he makes only a conclusory allegation that, at times, when his toilet flushes, urine and feces from other cells come into in his cell's toilet. Plaintiff's conclusory allegation fails to state a claim. *See Iqbal*, 556 U.S. at 678-69 (holding that conclusory allegations are insufficient to state a claim). Moreover, at best, the occasional occurrence of such a back-flush results in a mere temporary inconvenience that does not rise to the level of unsanitary conditions prohibited by the Eighth and Fourteenth Amendments. *Dellis*, 257 F.3d at 511; *Abdur-Reheem-X*, 1999 WL 1045069, at *2.

4. black mold

In his next allegation, Plaintiff contends that the jail closed one "post" because of the presence of black mold. (Compl., ECF No. 1, PageID.8.) Plaintiff is lodged in a different part of the jail, and he states, "We have no way of knowing if these spores are airborn[e]. . . ." (Compl., ECF No. 1, PageID.8.) Yet, despite not knowing whether mold is present or airborne, Plaintiff seeks an injunction for inspection of the prison and physical examination of the lungs of the inmates.

Exposure to black mold may, in an appropriate case, be sufficiently serious as to satisfy the objective component of the Eighth Amendment. *Compare Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (mold in the ventilation system violates Eighth Amendment), *with Causey v. Allison*, No. 1:08CV155-RHW, 2008 WL 4191746, at *1 (S .D. Miss. Sept. 9, 2008) (no Eighth Amendment violation where prisoner claimed black mold was growing in the shower but "admits that he has had no medical problems resulting from the black mold"); *see also McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *2-*4 (W.D. Mich. Sept. 10, 2007) (dismissing prisoner action and holding that some exposure to black mold is a risk society has chosen to tolerate) (citing *Brady v. State Farm Fire & Cas. Co.*, No. 05-30716, 2006 WL 551388, at *3 (5th Cir. Mar. 8, 2006) (dismissing action because Plaintiff did not use due diligence in determining whether mold was airborne or simply present in her house)).

Here, Plaintiff expressly states that he does not have any knowledge about whether mold from another part of the jail has become airborne, and he does not allege that the presence of mold causes him health problems. *See Morales v. White*, No. 07-2018, 2008 WL 4584340, at *14 (W.D. Tenn. 2008) (holding that allegation that black mold is located at some place within a housing unit is not sufficient to support an Eighth Amendment claim). As a consequence, Plaintiffs'

allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health to implicate the Eighth Amendment. *Ivey*, 832 F.2d at 954.

5. showers

In his last allegation, Plaintiff complains that the shower is set to automatically turn on for only three minutes. He argues that three minutes is insufficient time to clean himself if he has been exposed to someone else's urine or fecal matter by toilet bowl splash.

A three-minute shower, while brief, does not amount to a deprivation of basic sanitation within the meaning of the Eighth Amendment. Although Plaintiff may wish for more time in the shower, knowing the limitations on his shower time, he should be able to rinse, lather, and rinse again his entire body within three minutes. No reasonable factfinder could conclude that a short shower results in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  July 10, 2017               /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge